IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY SHOWERS, | ) | |
| Plaintiff, | ) | Civil Action No. 12-25Erie |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL W. HARLOW, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER[1]**

**M.J. Susan Paradise Baxter**

This civil action was filed in this Court on January 20, 2012. Plaintiff, acting *pro se*, brought this civil rights action alleging that Defendants Warden Michael Harlow and "Jail Records Supervisor" Cheryl Gill violated his constitutional rights under the Eighth and Fourteenth Amendments by causing him to remain incarcerated beyond his maximum sentence. In addition to his federal claim, Plaintiff asserts a pendent state law claim of false imprisonment.

Defendants have filed a motion to dismiss. ECF No. 11. In response to the motion to dismiss, Plaintiff filed a "Motion Brief to Amend Complaint and Object to Defendants Harlow and Gill Motion to Dismiss of 4-30-2012 and Request for Summary Judgment." ECF No. 14.

This motion is fully briefed and is ripe for disposition by this Court.

**A. Standards of Review**

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF Nos. 4, 15.

1

### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal,

___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### B. Plaintiff's Allegations

In his Complaint, Plaintiff alleges:

> Cheryl Gill upon deliberate indifference/gross negligence refused to properly computate [sic] sentence, honoring illegal sentence prohibition in § 31:30 [para.5] upon reception and 7-7-07 assuming liability for detention beyond maximum statutory penalty termination act.
>
> Michael W. Harlow upon deliberate indifference/gross negligence [as successor] failed to correct unlawful insubordinate Cheryl Gill failure, honoring illegal sentence prohibition in § 31:30 [para.5] and assumed liability for detention beyond maximum statutory termination of sentence July 1, 2007 by his-her-their act and/or acts.

ECF No. 3, page 2 (Statement of Claim, in its entirety). As relief, Plaintiff seeks "discharge from false detention," as well as monetary damages. Id. at page 3.[2]

In response to the motion to dismiss, Plaintiff filed a "Motion Brief to Amend Complaint and Object to Defendants Harlow and Gill Motion to Dismiss of 4-30-2012 and Request for Summary Judgment." ECF No. 14. Plaintiff's filing does not include a proposed amended complaint but does add factual allegations in support of his original complaint. None of Plaintiff's arguments or factual allegations overcome the basis of the dismissal, and accordingly, any attempt to further amend the complaint would be futile. See Fed.R.Civ.P. 15.

---

[2] Plaintiff sought identical relief in two other civil actions he filed in this Court. See Civil Action Nos. 12-24E and 12-26E. Both cases have been dismissed.

### C. The Favorable Termination Requirement of *Heck v. Humphrey*

Plaintiff argues that Defendants' calculation of his maximum sentence date was legally improper and wrongfully caused him to be imprisoned longer than the sentencing court had ordered. As a result, Plaintiff seeks to recover monetary damages for the period of time he claims he was (and continues to be) wrongfully incarcerated. Defendants assert that Plaintiff's claims are barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). This Court agrees.

In Heck, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87.[3] "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." 512 U.S. at 487 (emphasis in the original). Thus, a court faced with a suit for damages under § 1983 must first "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his ... sentence." Id. If so, the complaint must be dismissed "unless the plaintiff can demonstrate that the ... sentence has already been invalidated." Id. In short, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of

---

[3] The Supreme Court continued "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to section 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." Heck, 512 U.S. at 486.

the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)(emphasis in original). [4]

Here, no matter how Plaintiff attempts to characterize his challenge, he cannot escape the fact that he is ultimately calling into question the duration of his confinement. Since it is clear from Plaintiff's allegations that neither the duration of his confinement nor his sentence has been otherwise invalidated, Plaintiff's constitutional claims are barred by Heck and must be dismissed. See Royal v. Durison, 254 Fed. Appx. 163, 165 (3d Cir. 2007)(dismissing a state inmate's challenge to the DOC's sentence calculation that resulted in his being incarcerated more than six months beyond the allowable statutory maximum sentence, because finding in the plaintiff's favor "would necessarily be holding that the 'confinement or its duration' was invalid in violation of the favorable termination requirement announced in Heck"); Early v. Ludwig, 2009 WL 763592, at *5 (W.D.Pa. )(holding that state inmate's § 1983 claim challenging calculation of his maximum sentence expiration date was barred by Heck); Wood v. Pa. Bd. of Probation & Parole, 2009 WL 1913301 (W.D. Pa.); Jones v. Yale, 2008 WL 2522427, at *2 (E.D.Pa.)(holding that state inmate's § 1983 claim that his sentence was miscalculated such that he served an additional 152 days in prison was barred by Heck, because plaintiff had not alleged that the sentence had

---

[4] In White v. Pennsylvania State Police, Troop D Butler County, PA, 408 Fed.Appx 521, 523 (3d Cir. 2010), the Third Circuit characterized the favorable termination requirement as a prerequisite to the filing of a federal civil rights action: "A state prisoner's section 1983 action is barred, no matter the relief sought, if success in that action would necessarily demonstrate the invalidity of his conviction. Wilkinson v. Dotson, 544 U.S. 74, 81-2 (2005) citing Heck, 512 U.S. at 486-87. As a prerequisite to a civil suit, a plaintiff must prove that his conviction and sentence have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. A claim bearing the necessary relationship to a conviction or sentence that has not been invalidated is not cognizable. See id. at 487."

been reversed or called into question by prior court action, regardless of the fact that plaintiff was no longer incarcerated).

In addition to his constitutional claims under § 1983, Plaintiff raises a claim of false imprisonment. This claim is a pendent state law claim under Pennsylvania law, over which this Court is not required to exercise jurisdiction absent the existence of a cognizable federal claim. Since this Court has already determined that Plaintiff's federal claims under 42 U.S.C. § 1983 must fail as a matter of law, this Court does not have an independent basis on which to exercise jurisdiction over Plaintiff's state law claim. As a result, Plaintiff's false imprisonment claim will be dismissed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY SHOWERS, | ) | |
| Plaintiff, | ) | Civil Action No. 12-25Erie |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL W. HARLOW, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**O R D E R**

AND NOW, this 10th day of December, 2012;

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants [ECF No. 11] be GRANTED. The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge